## Toothman v. Greene County

*George B. Stegenga and Mark Geary,* for plaintiff. *A. J. Marion,* for defendants.

GRIMES, *P.J.,* May 30, 1986—A complaint in equity was filed by plaintiff on April 1, 1986, requesting an injunction be issued against the Greene

County Commissioners' prohibiting the demolition of the Sayers-Hooper building pursuant to action taken on the March 20, 1986 meeting. The court granted a preliminary injunction based upon the allegations set forth in the complaint and scheduled the matter for hearing on April 21, 1986. On or about April 10, 1986, defendants filed an answer and new matter, a reply to the same being filed by plaintiff on or about April 17, 1986. At the hearing scheduled on April 21, 1986, the court was presented testimony and other evidence by the parties and subsequent to the to the hearing an order directing the testimony be transcribed and ordering a briefing schedule to the parties.

## FINDINGS OF FACT

1. That the county purchased the Sayers-Hooper building in 1974 for $40,000.

2. That on March 20, 1986, the county commissioners voted to raze the building and use the land for parking.

3. That no alternatives were considered at the March 20, 1986, meeting.

4. That plaintiff filed his lawsuit on April 1, 1986.

5. That on April 3, 1986, after being sued, the commissioners ordered the "feasibility study" from Kimball and Associates.

6. That Commissioner Gardner testified that two-thirds of the land is unusable for parking.

7. Plaintiff has not shown "capricious and arbitrary" action by defendants.

## DISCUSSION

Pennsylvania Statute, August 9, 1955, P.L. 323, section 2311, provided for the demolition of county

property with the approval of the court of common pleas. The statute in effect provided for the court review of the action of a board of commissioners.

In 1982, the Pennsylvania legislature changed that statute to specifically remove any reference to "approval by the court." April 29, 1982, P.L. 359, §4 (16 P.S. 2311). In fact, the only change in the statute is the removal of the court's function as a reviewing body.

It would be an exercise in futility for this court to review the merits of the decision of the board of commissioners when the legislature has specifically mandated that such action is within the sole discretion of the county commissioners.

In addition to specific statutory direction, the Pennsylvania Supreme Court has stated that the scope of review by a court "is limited to the determination of whether there has been a manifest or flagrant abuse of discretion or a purely arbitrary execution . . ." of duties or functions. Blumenschein v. Pittsburgh Housing Authority, 379 Pa. 566, 109 A.2d 331 (1954). A manifest or flagrant abuse of discretion or arbitrary execution of duties has not been shown in this matter.

## CONCLUSION

Specific legislative action excluding the court's power of review dictates that plaintiff's complaint must be dismissed.

## ORDER

And now, this May 30, 1986, the order of this court dated April 1, 1986, is hereby dissolved and the complaint of plaintiff dismissed.